UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
AUDUBON LEVY INVESTORS, LP,

                Plaintiff,

            -against-

EAST WEST REALTY VENTURES, LLC,

                Defendant.
---------------------------------------------------------X

**MEMORANDUM OF DECISION AND ORDER**
09-cv-4576 (ADS)(WDW)

**APPEARANCES:**

**Duval & Stachenfeld LLP**
*Attorneys for the plaintiff*
101 Park Avenue
11th Floor
    By:    Kirk L. Brett, Esq., Of Counsel

**Loanzon Sheikh LLC**
*Attorneys for the defendant*
112 Madison Avenue
5th Floor
New York, NY 10016
    By:    Umar Sheikh, Esq., Of Counsel

**SPATT, District Judge.**

        This case concerns a contractual dispute over a joint venture to develop real estate in the Manhattan neighborhood of Washington Heights. The case is before this Court pursuant to the Court's diversity jurisdiction powers provided in 28 U.S.C. § 1332. Currently pending is the plaintiff's motion for a preliminary injunction expelling the defendant from managing the parties' joint venture. The Court previously referred this motion for a hearing before United States Magistrate Judge William D. Wall, who has now reported and recommended to the Court. For the reasons set forth below, the Court now adopts Judge Wall's Report and

Recommendation in its entirety, and grants the plaintiff's motion for a preliminary injunction.

## I. BACKGROUND

In 2007, plaintiff Audubon Levy Investors, LP ("Audubon Levy") and defendant East West Realty Ventures, LLC ("East West") entered into a written joint venture agreement to develop on a parcel of land in upper Manhattan. For this purpose, the parties formed a limited liability company named Audubon Terrace LLC ("Terrace LLC"), in which Audubon Levy had an 80% ownership interest and East West had a 20% ownership interest. They also executed a written agreement called the "Operating Agreement for Audubon Terrace LLC," dated September 2007 (the "Operating Agreement"), that governed the parties' rights and responsibilities with regard to the joint venture. The Operating Agreement provided that Audubon Levy, which is located in California, would supply project capital for the joint venture and have veto rights over major management decisions, while East West, which is located in New York, would manage the day-to-day operations of the project. In furtherance of this agreement, East West was named the "Manager" of Terrace LLC, a title that provided East West with the power to take actions on behalf of Terrace LLC with regard to its daily managment, including making routine disbursements and entering into contracts valued at less than $25,000.

In addition, East West was responsible under the Operating Agreement for obtaining a loan to finance the development of the property. Specifically, the Operating Agreement required that, by mid-March 2008, East West procure a

lender's commitment to loan approximately $11.8 million to Terrace LLC, and that by mid-September 2008 that the loan be finalized. The due dates for these tasks are vague because the Operating Agreement was dated only by month, and not day, but the parties do not suggest that any material issue in this case depends on fixing these dates more precisely.

The Operating Agreement also provided Audubon Levy with recourse if East West did not fulfill its obligation to obtain project financing. Thus, if East West failed to procure and finalize the $11.8 million loan by the relevant dates, then Audubon Levy had the right to remove East West as Manager of Terrace LLC. In addition, the removal of East West as the Manager of Terrace LLC then triggered Audubon Levy's right to purchase East West's share in Terrace LLC for 75% of its value. The Operating Agreement provided that, for purposes of this forced sale, the value of East West's share would be appraised by two experts, one appointed by each party.

However, the Operating Agreement also provided that Audubon Levy may not remove East West as Manager if Audubon Levy's own breach of the Operating Agreement caused East West's failure to procure a loan. Thus, Section 5.2.3(b) of the Operating Agreement reads in part:

> East/West may be removed as Manager by [Audubon] Levy under the following circumstances and/or events ***provided that the circumstances or event giving rise to the right to remove East/West as Manager is not caused by Levy's actions or failure to act in violation of the terms of this Agreement*** . . .
>
> > (v) failure to obtain a commitment for the [$11.8 million] Construction Loan within six (6) months of the [September 2007] execution of this Agreement, or the failure to

3

> [finalize that loan] within twelve (12) months of the
> execution of this Agreement . . .

(Operating Agreement, § 5.2.3(b), emphasis added.)

The parties agree that East West neither obtained a commitment for the loan by March 2008, nor finalized the loan by September 2008. In fact, to date, the loan has not been procured and the property remains vacant. However, the parties disagree as to who is at fault for East West's failures. Both East West and Audubon Levy acknowledge that East West brought one potential lender to Terrace LLC before March 2008, and that this lender requested personal financial information from Ken Levy, one of Audubon Levy's principals. The parties also agree that Ken Levy declined to provide certain of information, and that the lender then withdrew because of this refusal. According to East West, it was therefore Audubon Levy's fault that no loan was procured, and Audubon Levy therefore has no power to remove it as Manager.

Audubon Levy disagrees with this assignment of blame, and between May and October 2009, Audubon Levy sent East West several notices attempting to exercise its right to remove East West as Manager of Terrace LLC and to purchase East West's share in the company. Each of these was ignored. Audubon Levy's notices also requested East West to appoint an appraiser to value East West's share in Terrace LLC, but East West declined.

On October 23, 2009, Audubon Levy filed the present suit, asserting causes of action for declaratory judgment, breach of contract, and unjust enrichment, and seeking a permanent injunction effecting East West's removal as a Manager of

Terrace LLC.  In particular, Audubon Levy requests that the Court order East West to turn over all books and records for Terrace LLC, and enjoin East West from (1) acting on behalf of Terrace LLC, (2) holding itself out as Terrace LLC's agent, (3) interfering with Terrace LLC's management, and (4) controlling or dissapating any of Terrace LLC's assets.  Audubon Levy also requests additional equitable relief directing East West to timely appoint an appraiser to value its stake in Terrace LLC, or to forfeit its right to do so.  Audubon Levy also seeks money damages for unjust enrichment.

On October 27, 2009, Audubon Levy made the present motion seeking preliminary injunctive relief that is identical to the permanent injunctive relief sought.  On January 8, 2010, the Court held oral argument on the motion for a preliminary injunction, at which time the parties agreed that East West would turn over copies of Terrace LLC's books and records to Audubon Levy, and Audubon Levy would appoint an additional Manager for Terrace LLC.  The Court at that time also referred the motion to United States Magistrate Judge William D. Wall for an evidentiary hearing.  Prior to the hearing before Judge Wall, Audubon Levy appointed Glen Una Management Company, Inc. as an additional Manager for Terrace LLC.

On February 12, 2010, Judge Wall held a hearing on the plaintiff's motion, and on February 18, 2010, he issued a Report and Recommendation recommending that the Court grant the preliminary injunction as requested.  Judge Wall found that Audubon Levy faced irreparable harm if no injunction issued, and that Audubon Levy was likely to succeed in showing that it could remove East West as a

Manager. Pursuant to the relevant rules, the parties were provided fourteen days to object to Judge Wall's Report and Recommendation.

On March 3, 2010, East West timely objected to Judge Wall's recommendation. East West argues that Audubon Levy faces no irreparable harm because Audubon Levy is in possession of a complete set of books and records for Terrace LLC, and has been permitted to appoint an additional Manager. East West also argues that Audubon Levy is not likely to succeed on the merits of its claims, because Audubon Levy was at fault for East West's failure to procure the $11.8 million loan. On March 15, 2010, Audubon Levy filed an opposition to East West's objection, asserting that Judge Wall had correctly decided the motion. In this decision , the Court has determined to adopt Judge Wall's Report and Recommendation.

## II. DISCUSSION

**A. Standard of Review**

In reviewing a Magistrate Judge's Report and Recommendation with regard to a preliminary injunction, the Court reviews *de novo* the portions of the report to which timely objections are made. 28 U.S.C. § 636(b)(1). Portions of the Report and Recommendation that are not objected to are reviewed for clear error. See, e.g., Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)   The Court may then accept, reject, or modify the Magistrate Judge's proposed findings. Section 636(b)(1).

**B. Preliminary Injunction Standard**

In the Second Circuit, a plaintiff seeking a preliminary injunction must show:

(1) irreparable harm in the absence of the injunction and

(2) either

(a) a likelihood of success on the merits or

(b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor.

County of Nassau, N.Y. v. Leavitt, 524 F.3d 408, 414 (2d Cir. 2008) (internal quotations and citations omitted, formatting not in original). However, when the injunction sought "will alter rather than maintain the status quo," a plaintiff must make an additional showing that the likelihood of success is "'clear' or 'substantial.'" Id. (quoting Rodriguez v. DeBuono, 175 F.3d 227, 233 (2d Cir.1999)).

**C. As to the Presence of Irreparable Harm**

Audubon Levy asserts here that it is irreparably harmed by East West's continued, allegedly illicit failure to recognize its removal as Manager of Terrace LLC. According to Audubon Levy, no future damage award will compensate it for its inability to manage Terrace LLC without East West's unwanted presence as a Manager. East West contests this contention, and asserts that even if Audubon Levy were entitled to remove it as a Manager, Audubon Levy is presently capable of managing Terrace LLC without hindrance. East West states that Audubon Levy possesses all the documents necessary to manage Terrace LLC, and that Audubon

Levy's appointment of an additional Manager for the company provides it with all relevant management powers. Thus, East West asserts that Audubon Levy faces no risk of irreparable harm.

After hearing evidence on this issue, Judge Wall found that Audubon Levy would be subject to irreparable harm if no injunction were granted. Judge Wall reasoned that, as long as East West could hold itself out as an agent of Terrace LLC and take actions on its behalf, Audubon Levy was being harmed by East West's continued presence as a Manager. Judge Wall found that Audubon Levy's right to remove East West as Manager was a unique, bargained-for remedy that was not easily compensated for after the fact, and thus this harm was irreparable. In addition, Judge Wall found that Audubon Levy was further damaged because it could not appoint additional Managers while East West remained a Manager, because this required East West's further consent to amend Terrace LLC's Certificate of Formation. Finally, Judge Wall also found that East West had not turned over all of Terrace LLC's books and records to Audubon Levy, and that this also limited Audubon Levy's ability to manage Terrace LLC, causing additional irreparable harm.

East West objects to this finding by Judge Wall on three grounds. First, East West states that Judge Wall ignored Audubon Levy's appointment of Glen Una Management Company, Inc. an additional Manager for Terrace LLC. According to East West, this new Manager presently enjoys all of the management powers that East West does, and Audubon Levy therefore maintains full managerial control over Terrace LLC. Second, East West states that the Audubon Levy has

power to appoint additional Managers for Terrace LLC even without East West's consent, as East West interprets the Operating Agreement as not requiring an amendment of Terrace LLC's Certificate of Formation for the appointment of Managers. Third, East West asserts that Judge Wall did not consider that it has already "turned over [to Audubon Levy] copies of much of the books and records [for Terrace LLC]," thus obviating any damage caused by any previous failure to furnish these materials. (East West Objections at 2.) The Court reviews the issues raised in East West's objection *de novo*.

As a preliminary matter, the parties do not object to Judge Wall's legal finding that a loss of bargained-for managerial control over an entity constitutes irreparable harm. The Court agrees with that interpretation of the law. See Wisdom Import Sales Co., L.L.C. v. Labatt Brewing Co., Ltd., 339 F.3d 101, 114–15 (2d Cir. 2003); Oracle Real Estate Holdings I LLC v. Adrian Holdings Co. I, LLC, 582 F.Supp.2d 616, 625 (S.D.N.Y. 2008).

In light of that legal finding and the evidentiary record, the Court finds that Audubon Levy does face irreparable harm in the absence of injunctive relief, because it cannot exercise its bargained-for managerial control over Terrace LLC with East West as a Manager. East West contends that, even though it remains as a Manager for Terrace LLC, Audubon Levy's appointment of an additional Manager gives Audubon Levy full management control of Terrace LLC. Thus, East West argues that there is no irreparable harm to Audubon Levy because it is experiencing no loss of management control over Terrace LLC. However, this ignores the fact that Audubon Levy is being denied the right to preclude East West from also

managing the company. As long as East West remains a Manager, it has the power to bind Terrace LLC to contracts, disburse funds, and exercise other powers necessary to "carry out the purposes, business, property, and affairs of [Terrace LLC]." (Operating Agreement, § 5.3.1.) To be sure, Audubon Levy's appointment of a second Manager gives it the power by proxy to also take these actions. However, the Court agrees with Judge Wall that East West's continued exercise of these powers in tandem with Audubon Levy lessens Audubon Levy's degree of control over Terrace LLC. Audubon Levy claims the bargained-for contractual right to be the sole captain of the Terrace LLC ship, and denial of this right cannot be readily compensated for after the fact.

In addition, the Court finds East West's contention that Audubon Levy can appoint Managers without amending Terrace LLC's Certificate of Formation to be immaterial. Even if East West's interpretation of the Operating Agreement is correct, the addition of new Managers would not limit East West's powers to also manage Terrace LLC. Moreover, East West does not deny that Audubon Levy still requires its consent to amend Terrace LLC's Certificate of Formation for other purposes—even if this were not necessary to appoint new managers. In the Court's view, the power to freely amend the Certificate of Formation is an additional power that Audubon bargained for, and is being denied.

With respect to East West's production of Terrace LLC's books and records to Audubon Levy, the Court does not view this subject as dispositive on the issue of irreparable harm. However, the Court notes that East West's objection to Judge Wall's decision was premised on the fact that it has produced copies of "much" of

the relevant books and records. (East West's Objection at 2.) Obviously, "much" is not "all." East West's admitted failure to produce *all* relevant books and records weighs in favor of finding irreparable harm.

The Court therefore finds that, notwithstanding East West's objection, Audubon Levy faces irreparable harm if a preliminary injunction does not issue.

**D. As to Audubon Levy's Likelihood of Success on the Merits**

Of course, even though Audubon Levy faces irreparable harm in the absence of an injunction, it is not necessarily entitled to preliminary injunctive relief. Audubon Levy still must show that either there is a *substantial* likelihood it will succeed on the merits of its case, or that there are serious questions of fact and law in this case, and the hardships tip decidedly in its favor. After taking evidence on these issues, Judge Wall found that Audubon Levy was likely to succeed on the merits of its claims, and that the hardships tipped in its favor.

East West does not object to Judge Wall's findings with respect to the balance of hardships here. However, East West does object to Judge Wall's finding of a likelihood of success on the merits. In particular, East West asserts that Audubon Levy is not likely to prove that it is permitted to remove it as Manager of Terrace LLC. While East West styles this argument as a challenge to Judge Wall's finding of irreparable harm, the Court views it more properly as a challenge to Judge Wall's likelihood of success finding. Thus, the Court also reviews this aspect of Judge Wall's report *de novo*.

As discussed above, the parties agree that East West failed to timely procure a construction loan. They also agree that the Operating Agreement only allows

Audubon Levy to remove East West as a Manager for this failure if the "circumstances or event giving rise to the right to remove East/West as Manager is not caused by Levy's actions or failure to act in violation of the terms of [the Operating Agreement]." (Operating Agreement, § 5.3.1.) Here, East West asserts that the evidence taken at the hearing before Judge Wall showed that Audubon Levy caused East West's failure to obtain the Construction Loan, and that Audubon Levy thereby relinquished its removal right.

However, the facts adduced at the hearing—which are generally not in dispute—do not support this conclusion by East West. According to the testimony at the hearing, East West timely brought only one lender to Terrace LLC, but this lender withdrew after Audubon Levy principal Ken Levy declined to produce certain personal financial information. To be sure, Ken Levy's decision not to produce this information is at least arguably an act or failure to act by Audubon Levy. However, it is not an act or failure to act "in violation of the terms of [the Operating Agreement]," as required by the Operating Agreement to rescind Audubon Levy's removal right. To the contrary, East West admits that the "[Operating] Agreement specifically states that Mr. Levy had no obligation to provide such a statement [of financial information]." (East West's Objection at 3.) Thus, even though East West timely brought one lender to Terrace LLC, it appears likely that Audubon Levy was not at fault—at least under the terms of the contract—for East West's failure to ultimately secure a lending commitment and a final loan. Therefore, the Court finds that it is substantially likely that Audubon

Levy does have the contractual right to remove East West as a Manager, and that Audubon Levy is substantially likely to succeed on the merits of its relevant claim.

There being no objection to the other portions of Judge Wall's Report and Recommendation, the Court reviews them and finds no clear error. The Court therefore adopts Judge Wall's Report and Recommendation, and orders a preliminary injunction consistent with Judge Wall's recommendation.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the Court adopts Magistrate Judge William D. Wall's Report and Recommendation in its entirety; and it is further

**ORDERED** that the defendant is directed to turn over any and all property, books, records, funds and assets of Audubon Terrace, LLC to Glen Una Management Company, Inc. on or before April 2, 2010; and it is further

**ORDERED** that the defendant East West and each of its members, officers, agents, servants and employees, and any parties under their direction or control or acting in concert or participation with them, are hereby preliminarily enjoined from:

(i) acting on behalf of Terrace LLC or as purported manager of Terrace LLC;

(ii) holding themselves out to others as manager or agent of Terrace LLC;

(iii) interfering with or attempting to interfere with Glen Una Management Company, Inc.'s rights, as replacement manager, under the Operating Agreement with respect to the development and control of Terrace LLC and

13

its assets, including the Property (the term "Property" having the meaning given to it in the Operating Agreement);

(iv) asserting possession or control over the property and assets of Terrace LLC, including the Property and any funds on deposit with any bank in the name of Terrace LLC; and

(v) dissipating, transferring, encumbering or expending any type of assets of Terrace LLC, including the Property and any funds on deposit with any bank in the name of Terrace LLC; and it is further

**ORDERED** that the parties are directed to appear before Magistrate Judge Wall for an initial conference on Thursday, April 15, 2010 at 1:30 p.m.

**SO ORDERED.**

Dated: Central Islip, New York
March 26, 2010

                                        ___*/s/ Arthur D. Spatt*_____
                                          ARTHUR D. SPATT
                                       United States District Judge